## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIZZELL CORPORATION,** | : | **CIVIL ACTION NO. 1:25-CV-680** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **TRIPWIRE SOUTH, LLC,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Before the court is plaintiff Bizzell Corporation's motion (Doc. 31) for limited, expedited discovery and a briefing schedule to oppose the pre-answer motion (Doc. 18) for summary judgment filed by defendants Tripwire South, LLC, Tripwire Aviation, LLC, and Ryan Morris. After a review of the briefing and the exhibits, the court will not convert defendants' motion (Doc. 18) to dismiss into a pre-answer motion for summary judgment, will deny Bizzell Corporation's motion (Doc. 31) as moot, will dismiss with prejudice defendants' motion (Doc. 18) with prejudice to the extent it seeks relief under Rule 12(d), and will dismiss without prejudice defendants' motion (Doc. 18) to the extent it seeks relief under Rule 12(b)(6).

### I.    <u>Factual Background & Procedural History</u>[1]

As alleged in the complaint, Bizzell entered into contracts with Tripwire South in April and June 2024 for $3.9 million worth of high explosives and accelerant powder intended for sale to Ukraine and Israel. (Doc. 1 ¶¶ 1-7). Tripwire

---

[1] The court will assume the parties' familiarity with the facts of this case and will not provide an in-depth recitation here.

South, which is owned and controlled by Ryan Morris, accepted payment for the explosives but never delivered them, instead selling them to another buyer for a higher price. (Id. ¶¶ 2, 34-40, 45-52). Bizzell's money was then funneled from Tripwire South to another company owned by Morris, Tripwire Aviation, and used to purchase a helicopter, as well as multiple Rolex watches and other lavish gifts. (Id. ¶¶ 55-59). Both Tripwire entities disregarded corporate formalities and were a façade through which Morris could take pilfered funds for his own use. (Id. ¶¶ 60-61). Morris declared Chapter 7 bankruptcy and fraudulently claimed to have little or no assets, or ownership interest in Tripwire South, despite his lavish lifestyle funded though funds stolen from the Bizzell transactions. (Id. ¶¶ 3, 11-12, 19, 61). Bizzell alleges seven state-law claims against defendants Tripwire South LLC, Tripwire Aviation LLC, and Ryan Morris: fraud, fraudulent inducement, three counts of breach of contract, recission and restitution, and unjust enrichment. (Doc. 1 ¶¶ 64-110). Bizzell contends this court has diversity jurisdiction to hear this case, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Id. ¶¶ 25-26); 28 U.S.C. § 1332(a).

Though defendants filed a motion to dismiss arguing Bizzell's claims must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), both their motion and their brief in support of that motion seek conversion, pursuant to Federal Rule of Civil Procedure 12(d), to a motion for summary judgment under Federal Rule of Civil Procedure 56. (Docs. 18, 20). Defendants attach a plethora of documents to their motion to demonstrate there is no genuine

dispute of material fact as to any of Bizzell's claims. (Doc. 18-5 to Doc. 18-38; Doc. 19, 19-1).

Bizzell subsequently moved for limited, expedited discovery and a briefing schedule to oppose defendants' motion. (Doc. 31). The court ordered a stay on briefing for defendants' motion pending resolution of Bizzell's motion, (Doc. 33), briefing on Bizzell's motion has completed (Docs. 34, 43, 49), and this matter is ripe for disposition.

## II.  <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. If the court concludes that a complaint should be dismissed, it "must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236.

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The district court has discretion regarding conversion. Kulwicki v. Dawson, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992).

## III.  Discussion

### a.  Defendants' motion to dismiss will not be converted to a pre-answer motion for summary judgment

The Third Circuit examines three issues when reviewing a district court's conversion of a motion to dismiss into a motion for summary judgment: "first, whether the materials submitted require conversion; second, whether the parties had adequate notice of the district court's intention to convert; and third, if the parties did not have notice, whether the court's failure to provide notice was harmless error." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (citing Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989)).  Conversion, however, is typically "not warranted where there has been little or no discovery conducted by the parties" because "the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed." Brennan v. Nat'l Tel. Directory Corp., 850 F. Supp. 331, 335 (E.D. Pa. 1994).

Converting defendants' motion to dismiss to a pre-answer motion for summary judgment under Rule 56 is unwarranted here. Discovery has just begun and thus the factual record is currently incomplete, at best. Deciding a summary judgment motion months before the close of fact discovery would be premature. Put simply, "there is too much outstanding information which could be revealed during discovery to treat the instant motion as one for summary judgment." McCracken v. Fulton Cnty., No. 3:19-CV-1063, 2020 WL 8465440, at *3 (M.D. Pa. Nov. 18, 2020),

report and recommendation adopted, No. 3:19-CV-1063, 2021 WL 426457 (M.D. Pa. Feb. 8, 2021).

Defendants argue in their opposition brief that their motion to dismiss "can be decided under the Rule 12(b)(6) standard if the Court finds that the documents attached are integral to or explicitly relied upon in the Complaint." (Doc. 43 at 3 n.2). When ruling on a motion to dismiss, a court can consider a document that is: (1) "'*integral to or explicitly relied upon* in the complaint,'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)), or (2) an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). It is unclear whether the troves of documents defendants attach to their motion fit either category. Even if they do, the court's disposition of this case will be aided from the full course of discovery. Therefore, these documents will not be considered for purposes of a motion to dismiss.

Defendants' motion (Doc. 18) contains arguments commingled under Federal Rule of Civil Procedure 12(b)(6) and 12(d). As stated in the accompanying order of today's date, to the extent defendants' motion seeks relief under Rule 12(d), the motion is denied with prejudice. But to the extent defendants' motion seeks relief under Rule 12(b)(6), the motion is denied without prejudice. Should defendants seek to refile a motion to dismiss under Rule 12(b)(6), they may do so within the timeframe outlined in the order.

6

**b.  <u>Bizzell's motion for limited discovery is denied as moot</u>**

A party who is on notice of conversion may "present . . . objection to conversion or request discovery." <u>Davis v. Phelan Hallinan & Diamond PC</u>, 687 F. App'x 140, 143 (3d Cir. 2017). "On ruling on a motion for expedited discovery, the court should consider the 'entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" <u>Strike 3 Holdings, LLC v. Doe</u>, No. 3:24-CV-1642, 2024 WL 4900017, at *2 (M.D. Pa. Nov. 26, 2024) (quoting <u>Modern Woman, LLC v. Does l-X</u>, No. 12-cv-4858, 2013 WL 888603, *2 (D.N.J. Feb. 27, 2013). Federal Rule of Civil Procedure 26 permits courts to grant expedited discovery but "offer[s] little guidance as to when it is appropriate" to do so. <u>Kone Corp. v. ThyssenKrupp USA, Inc.</u>, No. 11–465, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011). So too has the Third Circuit remained silent on this issue. <u>See Leone v. Towanda Borough</u>, No. 3:12-0429, 2012 WL 1123958, at *2 (M.D. Pa. Apr. 4, 2012) (recognizing "the Third Circuit has not adopted a standard for addressing expedited discovery requests[.]"). In that silence, district courts within the Third Circuit have adopted two different standards for expedited discovery: (1) the injunctive relief standard and (2) the good cause standard. <u>Id.</u>

Courts applying the more stringent injunctive relief standard require the moving party to demonstrate: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." <u>Gucci Am., Inc. v. Daffy's, Inc.</u>, No. 00–

4463, 2000 WL 1720738, at *6 (D.N.J. Nov. 14, 2000) (quoting Notaro v. Koch, 95

F.R.D. 403, 405 (S.D.N.Y. 1982)).

The good cause standard is less stringent and more frequently applied by

district courts in our circuit. Leone, 2012 WL 1123958, at *2. This standard, as the

name implies, "requires the party seeking discovery to show 'good' cause for its

motion, such that the request is 'reasonable' in light of the circumstances." Id.

(citing Kone Corp., 2011 WL 4478477, at *4). "Good cause is usually found where the

plaintiff's need for expedited discovery, in consideration of the administration of

justice, outweighs the possible prejudice or hardship to the defendant." Fonovisa,

Inc. v. Does 1–9, No. 07–1515, 2008 WL 919701, at *10 n. 22 (W.D. Pa. Apr. 3, 2008)

(citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal.

2002)).

Under either standard, Bizzell's motion for limited expedited discovery is

moot. Bizzell sought this remedy "[t]o more completely and appropriately respond

to" defendants' converted motion. (Doc. 31 at 2; id. at 7 (arguing "[t]he interests of

justice further require that Bizzell not be forced to challenge a motion for summary

judgment without an opportunity to obtain information relevant to Tripwire's

claims and defenses.")). Defendants' motion will not be converted, thus obviating

the need for Bizzell to conduct discovery outside the normal course provided in the

case management order (Doc. 45) and the civil practice order (Doc. 46).

**IV.  <u>Conclusion</u>**

Bizzell moved (Doc. 31) for limited, expedited discovery to oppose defendants' motion (Doc. 18) to dismiss, wherein defendants request the court convert their motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 12(d). The court declines to convert defendants' motion (Doc. 18) to dismiss into one for summary judgment and will deny Bizzell's motion (Doc. 31) as moot. To the extent defendants' motion (Doc. 18) seeks relief under Rule 12(d), the motion is denied with prejudice. And to the extent the motion (Doc. 18) seeks relief under Rule 12(b)(6), the motion is denied without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:        August 4, 2025