# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIZZELL CORPORATION, | CIVIL DIVISION |
| Plaintiff, | No. 1:25-cv-00680-KMN |
| v. | Judge Keli M. Neary |
| TRIPWIRE SOUTH, LLC, et al., | |
| Defendants. | |
| and | |
| TRIPWIRE SOUTH, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| MICHAEL HROBUCHAK and MICHAEL KICHMAN, | |
| Third-Party Defendants. | |

# REPLY IN SUPPORT OF
# THIRD-PARTY DEFENDANT MICHAEL HROBUCHAK'S
# MOTION TO STRIKE OR ELSE TO DISMISS THIRD-PARTY CLAIM

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ............................................................................................1

ARGUMENT ..................................................................................................2

    I.   The Court should strike the claim against
Hrobuchak because Tripwire South does not claim
that he is derivatively liable, as Rule 14(a)(1) requires. ..................................2

    II.  The Court should dismiss the claim against Hrobuchak because Tripwire
South has not sufficiently pled tortious interference. .....................................6

CONCLUSION ................................................................................................7

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Acumed LLC v. Advanced Surgical Servs., Inc.*,
   561 F.3d 199 (3d Cir. 2009) ................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................6

*Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*,
   No. 3:10-cv-01559,
   2016 WL 1728388 (M.D. Pa. Apr. 29, 2016) .....................................................4

*Donsco, Inc. v. Casper Corp.*,
   587 F.2d 602 (3d Cir. 1978) ................................................................................5

*F.D.I.C. v. Bathgate*,
   27 F.3d 850 (3d Cir. 1994) ..................................................................................2

*Foster v. Attias*,
   Nos. 18-cv-4853 & 19-cv-866,
   2020 WL 5439360 (E.D. Pa. Sept. 10, 2020).......................................................5

*In re Eastern Continuous Forms, Inc.*,
   302 B.R. 320 (E.D. Pa. 2003) ..............................................................................5

*John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*,
   119 F.3d 1070 (3d Cir. 1997) ..............................................................................2

*Simply Snackin, Inc. v. S-L Distribs.*,
   No. 1:17-cv-0381,
   2017 WL 6039734 (M.D. Pa. Dec. 6, 2017).......................................................7

*United States v. Boone*,
   --- F. Supp. 3d ----,
   No. 1:22-cr-426,
   2025 WL 2723545 (M.D. Pa. Sept. 24, 2005) ....................................................2

**Cases (continued)**                                                                           **Page(s)**

*United States v. Joe Grasso & Sons, Inc.*,
  380 F.2d 749 (3d Cir. 1967) ............................................................ 2

*Wicks v. Milzoco Builders, Inc.*,
  470 A.2d 86 (1983) .......................................................................... 5

**Rules**

Federal Rules of Civil Procedure:

  Rule 12(b)(6) ............................................................................ 1, 6, 7

  Rule 14(a) ........................................................................................ 5

  Rule 14(a)(1) ................................................................................ 1, 2

  Rule 14(a)(4) .................................................................................... 3

# INTRODUCTION

Tripwire South, LLC, has wrongly tried to implead Michael Hrobuchak into this suit under Federal Rule of Civil Procedure 14(a)(1). (*See* Dkt. 91 at 7-9.) The third-party complaint (Dkt. 60) does not plead that Hrobuchak "is or may be liable" to Tripwire South "for all or part of" Plaintiff Bizzell Corporation's claims against Tripwire South. Fed. R. Civ. P. 14(a)(1). And beyond improper pleader, Tripwire South has not plausibly alleged a tortious interference claim against Hrobuchak. (Dkt. 91 at 10-14.) The third-party complaint fails to allege facts supporting Tripwire South's conclusory assertion that he "improperly interfered" with Tripwire South's contract with another nonparty. (*See id.* at 3, 12-13.)

In response to Hrobuchak's motion (Dkt. 92), Tripwire South doubles down on the flaws apparent from the face of its own pleading. For the reasons stated in Hrobuchak's motion (Dkt. 84), his memorandum (Dkt. 91), and below, the Court should strike the claim against him under Rule 14(a)(4) or else dismiss the claim against him under Rule 12(b)(6).

# ARGUMENT[1]

## I. The Court should strike the claim against Hrobuchak because Tripwire South does not claim that he is derivatively liable, as Rule 14(a)(1) requires.

**A.** A third-party claim may only be filed against "a nonparty who is or may be liable to [the defendant] for all or part of the claim against [the defendant]." Fed. R. Civ. P. 14(a)(1). A third-party claim under Rule 14(a) cannot lie unless "the liability of the third party [is] dependent on the outcome of the main claim." *United States v. Joe Grasso & Sons, Inc.*, 380 F.2d 749, 752 (3d Cir. 1967); *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994).

Under this standard, the claim against Hrobuchak is not a proper third-party claim. Tripwire South asserts that Hrobuchak personally interfered with its contract with J Squad and thereby caused damages directly to Tripwire South. (*See, e.g.*, Dkt. 60, ¶¶ 19, 40-41 (citing "Exhibit E" to Tripwire South's Answer).) So instead of asserting that Hrobuchak is derivatively liable to Tripwire South for Bizzell's claimed damages, Tripwire South alleges that Hrobuchak is liable to it for its own damages.[2]

---

[1] Hrobuchak does not respond to those "[a]rguments raised in passing (such as, in a footnote), but not squarely argued," because they are "considered waived." *United States v. Boone*, --- F. Supp. 3d ----, No. 1:22-cr-426, 2025 WL 2723545, at *3 n.3 (M.D. Pa. Sept. 24, 2005) (quoting *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997))).

[2] For instance, Tripwire South wants Hrobuchak to repay it for a host of operating expenses—supposedly evidenced by Exhibit E to its Answer (Dkt. 59-

Indeed, as Hrobuchak showed in his memorandum, Tripwire South has merely repackaged its pending counterclaim against Bizzell as a parallel claim against Hrobuchak personally. (*See* Dkt. 91 at 3-5.) For this reason, the Court should strike the claim against Hrobuchak. *See* Fed. R. Civ. P. 14(a)(4). (*See also* Dkt. 91 at 7-9.)

**B.** Tripwire South nonetheless insists that it has asserted a good claim against Hrobuchak under Rule 14(a)(1). (*See, e.g.*, Dkt. 92 at 3, 7.) Tripwire South concedes, as it must, that a third-party claim hinges on a showing of derivative liability. (*See, e.g., id.* at 4, 9, 11-12.) Yet in arguing that the Hrobuchak claim satisfies Rule 14(a)(1), Tripwire South not only ignores the facts it has pled but also distorts Pennsylvania substantive law.

For starters, Tripwire South divines factual allegations never made in its third-party complaint—namely, that Tripwire South's "failure to deliver Comp-B [to Bizzell] was due, in part, to Hrobuchak's interference in the contract between Tripwire South and J Squad International, LLC[.]" (*Id.* at 7-8 (citing Dkt. 60,

---

5)—which Tripwire South claims "exce[ed] … the amounts Bizzell paid to Tripwire South." (Dkt. 59 at 5, ¶ 3.) Tripwire South also wants Hrobuchak to compensate it for the alleged "destruction of the relationship between J Squad and Tripwire South for any future purchase of military grade explosives" and an alleged "loss of revenue and profits." (Dkt. 60, ¶ 41.) Those damages are neither coextensive with nor analogous to the damages claimed by Bizzell against Tripwire South. (*Contrast id. with* Dkt. 57, ¶¶ 122, 132-33, 140, 145, 150, 154, 160.)

3

¶ 39).) That new theory assumes that Tripwire South's *only* source of Comp-B was its contract with J-Squad, and thus that Tripwire South could not fulfill its obligations to Bizzell unless J-Squad performed for Tripwire South. (*But see, e.g.*, Dkt. 59 at 67, ¶¶ 46-50 (claiming that Tripwire South could obtain Comp-B from other entities).) The third-party complaint does not contain sufficient factual allegations to make this causal leap, even if Hrobuchak's phone calls had somehow prevented J-Squad from delivering Comp-B to Tripwire South (which, as discussed below, would be directly contrary to Hrobuchak's and Bizzell's shared interest in obtaining the Comp-B).

Tripwire South also improperly tries to supplement the allegations in its third-party complaint with exhibits attached to other pleadings. (*See, e.g.*, Dkt. 92 at 8-9). In any event, the third-party complaint does not come close to alleging that Hrobuchak "would be liable" to Tripwire South if Tripwire South were "found liable to [Bizzell]." *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-cv-01559, 2016 WL 1728388, at *3 (M.D. Pa. Apr. 29, 2016) (allowing third-party claim under Rule 14(a)(1)).

Moreover, the claim against Hrobuchak is not a derivative claim in the Rule 14(a) sense under Pennsylvania law. Tripwire South invokes Pennsylvania's "participation theory" to contend otherwise. (*See* Dkt. 92 at 6, 8-9.) But under that theory, "an officer of a corporation *who takes part* in the commission of a tort by

4

the corporation is *personally liable* therefor[.]" *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (1983) (emphases added and internal quotation marks omitted). "[T]he court imposes liability on the individual as an actor rather than as an owner" of the corporation. *Id.* at 90; *accord Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). The participation theory is thus a means of establishing a direct claim, not a derivative claim, against a corporate officer.

Tripwire South misreads decisions (nonbinding, at that) which passingly say the participation theory involves "derivative liability." (Dkt. 92 at 7, 10.) Those decisions use "derivative" merely to show that "[t]he participation theory of liability is not a cause of action in and of itself" and instead derives from "the individual's participation in tortious conduct *of the corporation*." *In re Eastern Continuous Forms, Inc.*, 302 B.R. 320, 343 (E.D. Pa. 2003) (cleaned up and emphasis added) (cited at Dkt. 92 at 7); *accord Foster v. Attias*, Nos. 18-cv-4853 & 19-cv-866, 2020 WL 5439360, at *6 (E.D. Pa. Sept. 10, 2020) (similar) (cited at Dkt. 92 at 7, 10).

Again, by arguing that Hrobuchak is personally liable to Tripwire South for purportedly committing tortious acts in his capacity as Bizzell's CEO, Tripwire South is not claiming that Hrobuchak "is or may be liable to [Tripwire South] for all or part of" Bizzell's claims against it. Fed. R. Civ. P. 14(a).

5

## II. The Court should dismiss the claim against Hrobuchak because Tripwire South has not sufficiently pled tortious interference.

To survive a Rule 12(b)(6) motion, the party's pleading must "provide the grounds of his entitlement to relief" beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Moreover, a Pennsylvania plaintiff claiming tortious interference must establish (among other elements): (i) "purposeful action by the defendant, specifically intended to harm an existing relationship" between the plaintiff and a third party, and (ii) "the absence of privilege or justification on the part of the defendant." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 212 (3d Cir. 2009) (applying Pennsylvania law). Tripwire South has not sufficiently pled this claim. (*See* Dkt. 91 at 10-14.)

In response to Hrobuchak's motion, Tripwire South apparently agrees with Hrobuchak's recitation of federal pleading standards and Pennsylvania law. (Dkt. 92 at 12-13.) Yet Tripwire South then simply repeats its bald assertions that Hrobuchak "intentionally and improperly interfered with" its contract with J Squad. (Dkt. 92 at 13.)

Tripwire cites two paragraphs from its third-party complaint as purportedly alleging "intentional and improper" conduct by Hrobuchak. (*Id.*, citing Dkt. 60, ¶¶ 36, 38). But those paragraphs merely allege that Hrobuchak contacted the

Hawthorne Army Depot and Matt Barnett of Bonetti Explosives to inquire about the status of the Comp-B (for which Bizzell had paid about $1 million and which Tripwire South had not delivered).

Neither paragraph addresses whether Hrobuchak intended *to harm* the relationship between Tripwire South and J Squad or acted *without privilege or justification*. Indeed, Tripwire does not articulate how Hrobuchak's two telephone calls could be construed as wrongful predicate acts. And rather than explain how these telephone calls were somehow intended to harm Tripwire's business relationships, Tripwire alleges at worst that Hrobuchak called "to inquire about the status of the Comp-B." (Dkt. 60, ¶ 38; *see also id.* ¶¶ 16-17, 36.) Simply put, the third-party claim still offers no basis to infer that Hrobuchak—Bizzell's CEO—tried to stop Tripwire South from acquiring the Comp-B it had promised to deliver to Bizzell. And, again, the Court has dismissed an equally flimsy tortious interference claim because it "merely stat[ed] that Defendant's conduct was 'without justification.'" *Simply Snackin, Inc. v. S-L. Distribs.*, No. 1:17-cv-0381, 2017 WL 6039734, at *7 (M.D. Pa. Dec. 6, 2017).

## CONCLUSION

For these reasons, the Court should either strike the third-party claim against Hrobuchak under Rule 14(a)(4) or else dismiss the claim under Rule 12(b)(6).

| Dated: January 27, 2026 | Respectfully submitted, |
|---|---|
| **SPILMAN THOMAS & BATTLE, PLLC** | **FLUET & ASSOCIATES, PLLC** |
| Julian E. Neiser (PA No. 87306)<br>E: jneiser@spilmanlaw.com | By:/s/ *Nicolas J. Rotsko*<br>Nicolas J. Rotsko (NY No. 4964169)<br>(*Admitted Pro Hac Vice*)<br>E: nrotsko@fluet.law |
| Thomas W. Corbett, Jr. (PA No. 22809)<br>(*Admitted Pro Hac Vice*)<br>E: tcorbett@spilmanlaw.com | Isaac B. Rosenberg (DC Bar No. 998900)<br>(*Admitted Pro Hac Vice*)<br>E: irosenberg@fluet.law |
| Jonathan A. Deasy (PA No. 327496)<br>E: jdeasy@spilmanlaw.com | |
| Anthony J.G. Hassey (PA No. 324939)<br>E: ahassey@spilmanlaw.com | 1751 Pinnacle Drive, Suite 1000<br>Tysons, VA 22102<br>T: (703) 590-1234<br>F: (703) 590-0366 |
| One Oxford Centre, Suite 3440<br>301 Grant Street<br>Pittsburgh, PA 15222<br>T: (412) 325-3301<br>F: (412) 325-3324 | |
| | ***Counsel for Third-Party Defendant Michael Hrobuchak*** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIZZELL CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRIPWIRE SOUTH, LLC, et al.,<br><br>　　　　　　Defendants.<br><br>and<br><br>TRIPWIRE SOUTH, LLC,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>MICHAEL HROBUCHAK and<br>MICHAEL KICHMAN,<br><br>　　　　　　Third-Party Defendants. | CIVIL DIVISION<br><br>No. 1:25-cv-00680-KMN<br><br>Judge Keli M. Neary |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Reply in Support Third-Party Defendant Michael Hrobuchak's Motion to Strike or Else to Dismiss Third-Party Claim** was served upon all counsel of record this 27th day of January, 2026, via the Court's CM/ECF system.

Dated: January 27, 2026　　　　　　By: */s/ Nicolas J. Rotsko*
　　　　　　　　　　　　　　　　　Nicolas J. Rotsko (NY No. 4964169)
　　　　　　　　　　　　　　　　　(*Admitted Pro Hac Vice*)

9