IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bizzell Corporation<br>   *Plaintiff*<br>v.<br><br>Tripwire South, LLC, *et al.*<br>   *Defendants* | : <br>: <br>: NO. 1:25-CV-00680-KMN<br>: <br>: (Judge Neary)<br>: |

| | |
|---|---|
| Tripwire South, LLC<br>   *Third-Party Plaintiff*<br>v.<br><br>Michael Hrobuchak, *et al.*<br>   *Third-Party Defendants* | : <br>: <br>: NO. 1:25-CV-00680-KMN<br>: <br>: (Judge Neary)<br>: |

**THIRD-PARTY PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION TO ENTER INTO A STIPULATED CONFIDENTIALITY AGREEMENT**

1

# TABLE OF CONTENTS

STATEMENT OF FACTS .................................................................................. 3

STATEMENT OF QUESTIONS PRESENTED ................................................ 4

LEGAL STANDARD ........................................................................................ 5

ARGUMENT ...................................................................................................... 5

## I. STATEMENT OF FACTS

Third-Party Plaintiff Tripwire South, LLC, ("Tripwire South") submits this statement in support of its Motion to Enter into a Stipulated Confidentiality Agreement.

1. Bizzell Corporation ("Bizzell") initiated this action by filing a Complaint in this Court against several defendants on April 17, 2025.

2. On or about July 1, 2025, counsel for the parties named in the April 17, 2025 Complaint entered into a Stipulated Confidentiality Agreement.

3. On October 1, 2025, Third-Party Plaintiff Tripwire South, filed a third-party complaint pursuant to Fed. R. Civ. P. 14(a) against Michael Kichman ("Kichman") and others.

4. On December 14, 2025, Tripwire South sent an email to the counsel for Kichman requesting they enter into the same confidentiality agreement ("Proposed Confidentiality Agreement") in place between among counsel to the original filing. A true and correct copy of the December 14, 2025 email with attachments is attached hereto as Exhibit "A."

5. Tripwire South did not receive a response.

6. On December 18, 2025, Tripwire South sent a second email to counsel for Kichman regarding the Proposed Confidentiality Agreement. A true and correct copy of the December 18, 2025 email is attached hereto as Exhibit "B."

7. Tripwire South did not receive a response.

8. On January 12, 2026, Tripwire South once again followed up on the Proposed Confidentiality Agreement. A true and correct copy of the January 12, 2026 email is attached hereto as Exhibit "C."

9. On January 13, 2026, counsel for Kichman responded to Tripwire South's request for a Proposed Confidentiality Agreement. A true and correct copy of the January 13, 2026 email is attached hereto as Exhibit "D."

10. In the January 13, 2026 email, counsel for Kichman stated they would be willing to enter into a confidentiality agreement in exchange for a voluntary dismissal of Kichman from this case. *See*, Exhibit "D."

11. Tripwire South could not agree to those conditions.

12. In response, on January 13, 2026, counsel for Kichman directed Tripwire South to proceed with a motion to compel the execution of the Proposed Confidentiality Agreement. A true and correct copy of the January 13, 2026 email is attached hereto as Exhibit "E."

## II. STATEMENT OF QUESTION PRESENTED

1. Whether this Honorable Court should enter an Order directing Third-Party Defendant Michael Kichman to enter into a stipulated confidentiality agreement?

    *Suggested Answer:* Yes

## III. LEGAL STANDARD

13. "In both criminal and civil cases, a common law right of access attaches 'to judicial proceedings and records.'" *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

14. However, the Third Circuit has recognized that the common law right of access is not absolute:

> "The presumption [of access] is just that, and thus may be rebutted." *Westinghouse Elec. Corp.*, 949 F.2d at 662. The party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." *Bank of Am.*, 800 F.2d at 344. The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). The "strong presumption of openness does not permit the routine closing of judicial records to the public." *Id.* (internal quotation marks omitted).

*Id.* at 672 (3d Cir. 2019) (alteration in original).

## IV. ARGUMENT

15. Tripwire South previously petitioned this Honorable Court to file certain corporate disclosures under seal. *See*, Defendants' Motion to Seal dated July 9, 2025.

16. As Tripwire South stated in its Motion to Seal, the allegations in this matter are highly sensitive as they relate to "the sale of materials for explosives and other devices used in a military context, a highly regulated arena with significant

implications for national security and public safety. Defendants' explosives are currently sold and/or used in connection with ongoing international conflicts, and information relating to Defendants' ownership or membership could be used by foreign adversaries if made publicly accessible." *Id.*

17. In addition, counsel for Tripwire South noted the membership and/or ownership of the business entities in this matter includes information that is the subject of non-disclosure agreements that limit disclosure of certain information. *Id.*

18. Tripwire South now seeks to file corporate disclosures related to its third-party complaint.

19. The corporate disclosures Tripwire South seeks to file are the same corporate disclosures previously filed under seal in the initial matter filed by Bizzell on April 17, 2025.

20. However, the filing of such corporate disclosures under seal still requires Tripwire South to produce unredacted corporate disclosures, which are the subject of an NDA, to Kichman.

21. To date, Kichman has refused to sign the Proposed Confidentiality Agreement, which would prevent disclosure of Third-Party Plaintiff's corporate disclosures.

22. Based on the foregoing, Tripwire South submits an Order directing Kichman to execute the Proposed Confidentiality Agreement is warranted.

23. Tripwire South notes that an Order directing the parties to enter into a stipulated confidentiality agreement is consistent with the case law of the Middle District of Pennsylvania. *See, e.g., Rsrv. Real est. Grp., Inc. v. Precision Wound Care LLC*, 2025 U.S. Dist. LEXIS 87642, *7-8 (stating, "The court, however, directs the parties to enter into a stipulated confidentiality agreement. An appropriate order shall issue.").

24. In the alternative, Tripwire South requests that this Court excuse Tripwire South a) from providing any documents to Kichman marked Confidential or Attorney Eyes Only, including any corporate disclosures, b) hearing any testimony in which Confidential or Attorney Eyes Only information is discussed, and c) receiving notes of testimony in which Confidential or Attorney Eyes Only information is discussed.

25. Prior to filing this Motion, counsel for Tripwire South contacted counsel for Kichman and provided a copy of Tripwire South's Motion and supporting materials. Counsel for Plaintiff does not concur in the Motion.

WHEREFORE, for the foregoing reasons, Third-Party Plaintiff respectfully requests that this Court grant its motion directing Third-Party Defendant Michael Kichman to execute to the Proposed Confidentiality Agreement.

[Signature Blocks Continue on Next Page]

Respectfully submitted,

TIMONEY KNOX, LLP

Dated: 2/12/26

By: _/s/ Patrick Blair_
Patrick M. Blair, Esquire
Attorney ID No. 314670
Matthew D. DeLeo, Esquire
Attorney ID No. 331082
400 Maryland Dr., P.O. Box 7544
Fort Washington, PA 19034
(215) 646-6000
mdeleo@timoneyknox.com
pblair@timoneyknox.com

McNEES WALLACE & NURICK LLC

Kandice K. Hull, Esquire
Attorney ID No. 86345
Sarah Hyser-Staub, Esquire
Attorney ID No. 315989
Lauren Anthony, Esquire
Attorney ID No. 324557
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
khull@mcneeslaw.com
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Third-Party Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on this date, I served a copy of the foregoing document on all counsel of record by electronic mail.

                                    TIMONEY KNOX, LLP

Dated: 2/12/26                By: */s/ Patrick Blair*
                                            Patrick M. Blair, Esquire
                                            Attorney ID No.314670
                                            Matthew D. DeLeo, Esquire
                                            Attorney ID No. 331082
                                            400 Maryland Dr., P.O. Box 7544
                                            Fort Washington, PA 19034
                                            (215) 646-6000
                                            mdeleo@timoneyknox.com
                                            pblair@timoneyknox.com

                                    *Attorney for Third-party Plaintiff*