

(703) 590-1234 Tel    1751 Pinnacle Drive, Suite 1000
(703) 590-0366 Fax    Tysons, VA 22102
www.fluet.law

**<u>VIA CM/ECF FILING</u>**                                              May 8, 2026

Hon. Keli M. Neary,
United States District Judge
United States District Court for the Middle District of Pennsylvania

**Re:**    ***Bizzell Corporation v. Tripwire South, LLC et al.*, No. 1:25-CV-00680-KMN**
       **Request for Resolution of Discovery Matters**

Dear Judge Neary:

Plaintiff Bizzell Corporation ("Bizzell") respectfully requests that this Court: (1) permit Michael Hrobuchak, Bizzell's CEO, who lives and works in Bucharest, Romania, to appear remotely over videoconference for his deposition; (2) issue a protective order authorizing Mr. Hrobuchak not to answer questions on certain immaterial topics during his deposition; and (3) compel Defendants to produce documents and answer deposition questions they have improperly resisted on the basis of unseen non-disclosure agreements ("NDAs") that the Defendants claim to have signed among themselves.  The parties conferred telephonically for approximately one hour, and in multiple substantive e-mail exchanges, but were unable to reach a resolution.

<u>*Michael Hrobuchak's Remote Deposition*</u>

On April 28, 2026, Defendants noticed Mr. Hrobuchak's deposition for May 15, 2026, near the close of fact discovery, which is June 3, 2026.  Mr. Hrobuchak is currently available to appear for a remote videoconference deposition on either May 27 or May 28, 2026.  Mr. Hrobuchak lives and works in Romania and is not scheduled to be in the United States in May.  Yet Defendants object to a remote deposition on the grounds that Mr. Hrobuchak will be outside the Court's jurisdiction.  Defendants insist that he commit at least three days to travel internationally to either Wyoming or Pennsylvania for an in-person deposition, even though Mr. Hrobuchak does not reside or regularly transact business in person in either state.  Before receiving the deposition notice, Mr. Hrobuchak's schedule for May was fully booked with business travel in Europe, the Middle East, and Central Asia, as well as a defense industry conference in Europe, where he will be a presenter.  Even if Mr. Hrobuchak's schedule permitted three days of travel for a deposition, it would be needlessly and unduly burdensome to require Mr. Hrobuchak to undertake such travel when the deposition can be conducted by videoconference in accordance with F.R.C.P. 30(b)(4).  Bizzell respectfully requests that this Court permit Mr. Hrobuchak to be deposed by videoconference.

*<u>Subject Matter Protective Order for Michael Hrobuchak's Deposition</u>*

Bizzell seeks to recover $4 million that it paid to Defendant Tripwire South ("Tripwire") for Composition-B explosives and accelerant powders.  Tripwire failed to deliver.  Tripwire did not actually have the Composition-B, and it sold the powders to another buyer at a higher price.  But Tripwire kept Bizzell's $4 million as a windfall.

- Bizzell purchased these products to fulfill separate contracts with third parties who are not involved in this lawsuit.  Defendants seek to depose Mr. Hrobuchak about Bizzell's business relationships with these non-party customers.  Tripwire contends that these third-party contracts are relevant to Bizzell's claim for lost profits.  Bizzell, however, is not seeking lost profits but is instead simply seeking the return of its $4 million.  Because Bizzell is not seeking lost profits (or cover damages), its third-party customer contracts are immaterial.  Discovery into this confidential and proprietary information would intrude on the privacy interests of non-parties, with no countervailing relevance to any claim or defense.  Bizzell respectfully requests a Protective Order authorizing Mr. Hrobuchak not to answer questions about these immaterial customer relationships.

- Defendants also seek to depose Mr. Hrobuchak on Bizzell's contingency storage locations in its ATF Federal Explosives License.  Tripwire has refused to identify its own contingency storage locations and has not articulated why Bizzell's are material.  Because this information is immaterial and would intrude on the privacy interests of non-parties who provide Bizzell's contingency storage, Bizzell requests that the Protective Order encompass this line of inquiry as well.

*<u>Defendants' Refusal to Answer Deposition Questions Due to NDAs</u>*

Defendants' counsel has—without obtaining a protective order—repeatedly instructed witnesses (including Ryan Morris, Tripwire's 30(b)(6) designee, and Joshua Mills, Tripwire's COO) not to answer deposition questions concerning (1) corporate structure, (2) Tripwire's relevant business operations, and (3) its sale of the accelerant powders to a second buyer at a higher price than Bizzell paid, while keeping Bizzell's payment as a windfall.  This information concerns how Defendants spent and accounted for the $4 million windfall, and Defendants' counterclaims.  Yet Defendants' counsel contends there are NDAs that shield this information from discovery, despite ample case law holding that NDAs do not exempt parties from their discovery obligations.  And these NDAs appear primarily to have been entered into among the Defendants with each other.  A group of defendants cannot avoid discovery by entering into NDAs with each other or non-parties.

Bizzell therefore respectfully requests that the Court direct Defendants to produce responsive discovery, reopen the depositions of Tripwire's 30(b)(6) designee and Mr. Mills's so that Bizzell can properly explore these topics, and direct Defendants not to resist these questions in the remaining depositions.

Page 2 of 3

We are available to arrange a teleconference at the Court's convenience.

Sincerely,

Nicolas Rotsko, Esq.