

John J. McAneney[2 4]
George M. Riter[4]
Scott H. Wolpert[2]
Catherine M. Harper
Thomas A. Boulden
Eric B. Smith
Kevin D. Birkhead[2 3 4]
Keith T. Vernon[1]
Christine M. Gordon[2]
Carol R. Livingood
Karen Schecter Dayno[2 4]
Andrew W. Knox[2]
Kathleen M. Vermilion
Chloe Mullen-Wilson
Vincent R. Cocco[2]
Elizabeth L. Ferraro[2]
Matthew D. DeLeo[2]
Patrick M. Blair
Patrick Naessens[4]
Ferrell J. Townsend
Ashley B. Han
Spencer C. Holm[2]
Sergiy Melnyk[2]


Of Counsel
Bernard F. Siergiej
Roman J. Koropey[5]


[1] Member DC Bar
[2] Member NJ Bar
[3] Member MD Bar
[4] LLM Taxation
[5] RJK, Ltd.

May 19, 2026

**VIA ECF**

Honorable Judge Keli M. Neary
United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

Re: *Bizzell Corporation v. Tripwire South, LLC, et al., No. 1:25-CV-00680-KMN;*
   *Tripwire South, LLC v. Michael Hrobuchak, et al., No. 1:25-CV-00680-KMN*

Dear Judge Neary:

Defendants Tripwire South, LLC, *et al.* ("Tripwire") hereby respond to the discovery dispute letter (Doc. 107) recently filed by Plaintiff Bizzell Corporation ("Bizzell").

**Bizzell cannot demonstrate that an in-person deposition in the United States would cause Mr. Hrobuchak "a clearly defined, specific and serious injury" or constitute "unusual circumstances or hardship," such that the general rule that a party be deposed in the District it brought suit or at its usual place of business be disregarded.** On April 15, 2026, Tripwire issued a draft notice of deposition ("NOD") pursuant to FRCP 30(b)(5) for Michael Hrobuchak, Bizzell's CEO. The NOD specified that the deposition should take place at Bizzell's corporate headquarters in Wyoming. Two days later, Bizzell requested via email that the Mr. Hrobuchak's deposition be conducted remotely. On April 21, 2026, Tripwire advised via email that it noticed Mr. Hrobuchak as a corporate officer and, although precedent indicates that a corporate officer can be deposed at the corporate headquarters, Tripwire was willing to depose Mr. Hrobuchak in the Middle District. The next day, Bizzell posited via email that Mr. Hrobuchak was not required to travel to the United States for the deposition, either to the Middle District or to the corporation's headquarters in Wyoming, because it would be burdensome. The parties continued exchanging emails over the next few days, with Tripwire issuing a revised NOD for the CEO on April 24, 2026, and on April 28, 2026. The final NOD required the CEO to appear at Bizzell's corporate offices in Wyoming on May 15, 2026. He did not appear.

An in-person deposition in the Middle District or Wyoming is appropriate and warranted. Mr. Hrobuchak is not a peripheral witness to this action. Rather, Mr. Hrobuchak is the key witness for Plaintiff. The gravamen of Plaintiff's Amended Complaint is that Bizzell

**Patrick M. Blair**                                                                                     TimoneyKnox.com

pblair@timoneyknox.com                    Main Phone: 215.646.6000                         400 Maryland Drive
Direct Phone/Fax: 215.540.2657                                                                          P.O. Box 7544
                                                                                          Fort Washington, PA 19034-7544

entered into a contract with Tripwire South, LLC ("Tripwire South") through a series of messages in the Signal app. Mr. Hrobuchak was the person who participated in those chats on behalf of Bizzell and allegedly entered into the contract. He is also the person who communicated with Tripwire South regarding the fulfillment of the alleged contract. Mr. Hrobuchak is Bizzell's CEO, owner, pleading verifier, and a central participant in the core transactions. The Defendants have the right to depose such a key witness in person.

Tripwire has produced its witnesses for in-person depositions. Moreover, the centrality of Mr. Hrobuchak's role in the events giving rise to this suit is evidence from even a review of those transcripts wherein Tripwire's witnesses are asked questions regarding their interactions with Mr. Hrobuchak. It is inequitable for Tripwire's witnesses to appear for in-person depositions and not require the same of Mr. Hrobuchak.

Further, Bizzell voluntarily instituted this action and chose the Middle District as the venue, subjecting itself to its jurisdiction and procedural requirements. "The general rule is that a plaintiff must submit to oral examination in the forum where he elects to bring suit, absent unusual circumstances or hardship." *VEC, Inc. v. Joyce Elec., Inc.*, No. CV 3:19-2148, 2022 WL 22887593, at *1 (M.D. Pa. Mar. 8, 2022) (citation omitted). "Pennsylvania courts [also] follow the general rule that depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business." *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 1127484, at *2 (M.D. Pa. Mar. 18, 2013). Generally, "the party seeking discovery determines where the deposition will take place." *VEC, Inc.*, 2022 WL 22887593, at *1 (citation omitted).

Bizzell has not demonstrated "good cause" for departing from these general rules. *See Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (holding that good cause for a protective order exists when there is "a clearly defined, specific and serious injury"). Bizzell's counsel claims only that Mr. Hrobuchak does not reside or regularly transact business in Wyoming or Pennsylvania and that it would be "unduly burdensome" for him "to undertake such travel." *See* Doc. 107 at 1. First, this is obviously incorrect as Bizzell is headquartered in Wyoming and Mr. Hrobuchak, its CEO, conducts business on Bizzell's behalf. Thus, regardless of where he is physically located, Mr. Hrobuchak is conducting business for a Wyoming entity. That it might be more convenient for the CEO to be deposed by videoconference is "not sufficient to justify departure from the normal rule" that he be deposed in person in the Middle District or in Wyoming. *J.K. v. CSX Transp., Inc.*, 2015 U.S. Dist. LEXIS 30958, at *5 (E.D. Pa. Mar. 13, 2015). Further, and more importantly, Bizzell's argument that it would be "burdensome" for Mr. Hrobuchak to travel to the United States is undermined by counsel's admission that Mr. Hrobuchak is regularly booked with "business travel in Europe, the Middle East, and Central Asia." *See* Doc 107 at 1. Clearly, travel across the globe is something Mr. Hrobuchak does regularly. Bizzell's request that Mr. Hrobuchak be deposed by videoconference should be denied.

**Bizzell's subject matter protective orders for Mr. Hrobuchak's deposition should be denied.** Bizzell's request for a protective order as to its customer relationships should be denied. Tripwire addressed this issue in its recently filed discovery deficiency letter. *See* Doc. 109 at 2. By way of quick summary, Bizzell's statement in its discovery dispute letter that it is not seeking certain consequential damages is inconsistent with its pleadings. *If* Bizzell stipulates that it is *not* seeking damages beyond "the return of its $4 million," Tripwire may change its position on the relevance of the third-party customer contracts.

Bizzell's request for a protective order regarding its contingency storage locations should also be denied. As pleaded in Tripwire's defense and counterclaims, whether Bizzell was properly licensed, permitted, and possessed contingency storage locations bears directly on its ability lawfully receive, store, and export the explosives. To the extent Bizzell objects to the disclosure of such information on the basis that Tripwire purportedly did not provide reciprocal information, such objections are separate and distinct from any discovery responses Bizzell must provide.

**Bizzell's deposition questions concerning Tripwire's corporate structure, business operations, and the second buyer are properly protected by NDAs and are irrelevant.** Bizzell's inquiries into these topics infringe upon confidential information properly protected by NDAs. The deponents cannot divulge such information without a valid court order directing them to do so. Even with a valid court order, Bizzell fails to demonstrate these topics' relevance. It has failed to substantiate any claims of fraud or illegality and, to the extent it seeks such information to attempt to pierce the corporate veil, Bizzell engages in an improper fishing expedition. Bizzell should not be permitted to continue with these lines of inquiry.

By: _/s/ Patrick Blair_
Patrick M. Blair, Esquire
Attorney ID No. 314670
400 Maryland Dr., P.O. Box 7544
Fort Washington, PA 19034
(215) 646-6000
pblair@timoneyknox.com

CC: All counsel of record are being copied on this letter via electronic mail.