

(703) 590-1234 Tel    1751 Pinnacle Drive, Suite 1000
(703) 590-0366 Fax    Tysons, VA 22102
www.fluet.law

**VIA CM/ECF FILING**                                        May 19, 2026

Hon. Keli M. Neary,
United States District Judge
United States District Court for the Middle District of Pennsylvania

**Re:**    ***Bizzell Corporation v. Tripwire South, LLC et al.*, No. 1:25-CV-00680-KMN**
          **Written Discovery Disputes**

Dear Judge Neary:

The discovery letter Plaintiff Bizzell Corporation ("Bizzell") submitted on May 8, 2026 (Dkt. 107) was limited to deposition issues.  Bizzell also has a few discrete disputes to raise regarding written discovery.  Bizzell's inclination was to raise written discovery issues via a separate letter.  Defendants' May 13 letter (Dkt. 109), however, focused on written discovery, rather than depositions.  Bizzell therefore submits this letter to address written discovery.  Should the Court wish to address both depositions and written discovery during the May 20 conference, Bizzell is happy to do so.  We are also amenable to a subsequent conference on written discovery if the Court prefers.

1.  **Response to Defendants' May 13 letter**

The meet-and-confer process has already resolved many of Defendants' complaints, narrowing the issues for the Court's resolution.  For example, Bizzell made clear that it was not withholding documents or information merely because of Defendants' own recalcitrance, resolving that issue.  And there were a small number of document requests for which Bizzell had not finished collecting and reviewing documents, but Bizzell has now produced all responsive documents.  With the exception of the two actual disputes discussed below, Bizzell has collected, reviewed, and produced all responsive, non-privileged documents in its possession, custody or control (a total of 886 pages).

There are two open issues with respect to Bizzell's production that remain:  (1) whether Bizzell should produce its ATF license application and supporting documentation; and (2) whether Bizzell should produce its downstream customer contracts with third-parties who are not relevant to this lawsuit.

**ATF License Application:**  Bizzell produced the license.  It is undisputed that Bizzell did not have the license when it entered into the Comp-B and powders contracts with Tripwire, undisputed that Tripwire knew Bizzell lacked the ATF license when it

took Bizzell's $4 million, and undisputed that Bizzell obtained the ATF license in February 2025 after Tripwire insisted, on an expedited basis in just 3.5 months (6 months is common). The contents of Bizzell's ATF application do not matter, and disclosure of this irrelevant information would intrude on third-party privacy interests (as Tripwire acknowledges with respect to its own undisclosed contingency storage locations). If Tripwire was not allowed to deliver prior to Bizzell obtaining its ATF license, it should have returned Bizzell's $4 million.

**Bizzell's Proprietary Customer Information:** Tripwire seeks Bizzell's downstream customer contracts related to the Comp-B and accelerant powders because Tripwire considers those documents relevant to a lost profits claim. Bizzell made clear during the meet-and-confer, however, that it is disclaiming lost profits damages or cover damages. What Bizzell planned to do with the products that Tripwire failed to deliver is not material to whether Bizzell is entitled to recover the $4 million it paid.

## 2. Defendants' Refusal to Produce Documents and Answer Interrogatories

**Basic Financials**: Defendants have refused to produce basic financial documents and information, such as easily obtainable documents that reflect profits, losses, distributions, and certain transactions in 2024 and 2025. These documents concern Tripwire South's contention that it is entitled to keep Bizzell's $4 million without delivering any goods in return. This information concerns how Defendants spent and accounted for the $4 million windfall, after refusing to refund Bizzell and admitting to selling the products to another customer at a higher price. This discovery will also shed light on corporate veil piercing, if needed. Defendants contend that veil piercing discovery is only allowed after Bizzell obtains a judgment for $4 million, but legal precedent says otherwise. Veil piercing can be explored during regular discovery (*e.g.*, during depositions Tripwire South confirmed it does not observe corporate formalities). Bizzell need not be limited to post-judgment discovery for basic financial information.

***Studebaker* Documents**: Tripwire contends that it should not have to return the full $4 million to Bizzell, because Tripwire allegedly incurred storage and overhead costs before selling the products to another buyer at a higher price. Tripwire confirmed during its deposition that in *Tripwire South LLC v. Studebaker Group*, Case No. 1:24-cv-00305-YK (M.D.Pa.), its expert in that case attributed some of those costs to a different buyer. Tripwire should produce the expert report and trial transcript.

**Bizzell Request Nos. 15-26 to Tripwire**: Served April 17, 2026, these requests seek documents concerning the transactions at issue, Tripwire's decision to keep Bizzell's $4 million after not delivering any products, and Tripwire's defenses and counterclaims. Tripwire has not produced any documents in response to these requests, nor served any objections, all of which are waived as untimely. Tripwire should produce all non-privileged documents responsive to these requests.

Page 2 of 3

We look forward to discussing these issues during the May 20, 2026, teleconference, or we are available to arrange a separate teleconference for written discovery issues at the Court's convenience.

Sincerely,

Nicolas Rotsko, Esq.