**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BIZZELL CORPORATION,** | : | **CIVIL ACTION NO. 1:25-CV-680** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **TRIPWIRE SOUTH, LLC, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**<u>ORDER</u>**

AND NOW, this 20th day of May, 2026, upon consideration of the letters

(Docs. 107, 109, 112, 113) detailing certain discovery disputes, as well as the

telephonic conference call held on today's date, it is hereby ORDERED that:

1.  Plaintiff Bizzell Corporation shall produce its ATF license application and supporting documentation to defendant Tripwire South, LLC.

    a.  Bizzell may mark these documents for attorney's eyes only pursuant to the confidentiality agreement between the parties.

    b.  Bizzell may redact protected information from this document production, provided it also supplies an adequate privilege log justifying the redactions.

    c.  Within **<u>2 weeks</u>** of receiving the document production and privilege log, Tripwire shall provide Bizzell any specific objections over the redacted information. The parties shall attempt to mediate any dispute over the redacted information.

    d.  If there are disputes over the redacted information that cannot be resolved through mediation, Tripwire shall file a letter with the court indicating the nature of the dispute. Such letter must be filed within **<u>thirty</u>** (30) days of Tripwire receiving the full document production and appropriate privilege log and shall not be longer than 2 pages.

2. Bizzell and Tripwire shall attempt to stipulate to the scope of damages in this case. The resulting stipulation shall be filed on the docket. If issues remain that cannot be stipulated to, Tripwire shall file a letter with the court requesting a discovery conference. This letter shall not exceed two pages.

3. To the extent any Tripwire witnesses refused to answer certain questions due to a non-disclosure agreement, such answers must be provided to Bizzell.

   a. Bizzell may seek answers to its refused questions through interrogatories.

   b. Tripwire may designate its responses as confidential or for attorney's eyes only pursuant to the parties' confidentiality agreement.

   c. Tripwire may redact certain information by claiming privilege and providing an adequate privilege log.

4. The case management deadlines in this matter are amended as follows:

| | |
|---|---|
| **Fact Discovery:** | 9/30/2026 |
| **Affirmative Expert Reports:** | 11/4/2026 |
| **Responsive Expert Reports:** | 12/2/2026 |
| **Supplemental Expert Reports:** | 1/6/2027 |
| **Dispositive/Daubert Motions** *and* | |
| **Supporting Briefs:** | 1/20/2027 |

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania