**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BIZZELL CORPORATION, | CIVIL DIVISION |
| Plaintiff, | No. 1:25-cv-00680-KMN |
| v. | Judge Keli M. Neary |
| TRIPWIRE SOUTH, LLC, et al., | |
| Defendants. | |
| and | |
| TRIPWIRE SOUTH, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| MICHAEL HROBUCHAK and MICHAEL KICHMAN, | |
| Third-Party Defendants. | |

**JOINT STIPULATION REGARDING
DAMAGES AND DISCOVERY ISSUES**

WHEREAS, Bizzell Corporation ("Plaintiff" or "Bizzell"), filed the Amended Complaint in this action on September 23, 2025 (the "Amended Complaint"), asserting claims of fraud, fraudulent inducement, breach of contract, recission and restitution, and unjust enrichment against Defendants Tripwire South, LLC, Tripwire Aviation LLC, Ryan Morris, Ashley Morris, Joshua Mills, and Skybolt Consulting Group LLC (collectively, "Defendants");

WHEREAS, Bizzell alleges that Defendants wrongfully retained Bizzell's payment of $3,902,314 for various explosives and accelerant powders without delivering the goods;

WHEREAS, Bizzell alleges Defendants must return Bizzell's $3,902,314 payment, and as additional cumulative remedies, Bizzell also sought consequential, incidental, reputational, and cover damages, including but not limited to the cost of obtaining replacement goods at higher prices, *see* Amended Complaint ¶¶ 122-23, 132-33, 140, 145, 150;

WHEREAS, Defendants have issued discovery requests and deposition topics pertaining to the customers for whom Bizzell purchased the products at issue and details relating to the contracts with or prospective sales to those customers;

WHEREAS, Bizzell objected to Defendants' discovery requests based on relevance, materiality, undue burden to Bizzell and third parties, and protection of competition and trade-sensitive information;

WHEREAS, to further demonstrate that Bizzell's customers and documents related thereto are immaterial and irrelevant to any claim or defense in this action, Bizzell disclaimed as remedies its initial request for consequential, incidental, reputational, and cover damages (while reserving all other claims and remedies); and

WHEREAS, Bizzell sought a protective order to exclude discovery into its customers in this action;

2

WHEREAS, the parties conferred with each other, and then with the Court on May 20, 2026, regarding Defendants' discovery requests, Bizzell's objections, and Bizzell's confirmation that it is not seeking consequential, incidental, reputational, or cover damages, whereupon the Court invited the parties to resolve this discovery dispute with a stipulation that Bizzell's customers are outside the scope of discovery if Bizzell is not pursuing these categories of damages;

WHEREAS, the parties agreed to the Court's proposal, and this Stipulation implements the parties' agreement;

WHEREAS, Bizzell's agreement to forgo certain damages shall not be construed as, and does not constitute a waiver of any other rights, claims, causes of action, remedies, or defenses, nor shall be interpreted as an admission of any fact, allegation, claim, or legal conclusion asserted by Defendants in any pleading, motion, correspondence, or other document or communication;

WHEREAS Tripwire South's agreement to withdraw and forgo any discovery request(s) or deposition questions (now outstanding or promulgated in the future in case No. 1:25-cv-00680-KMN only) relating to Bizzell's customers, sales contracts with those customers, or prospective sales (and only to the extent Bizzell does not place its customers, sales contract, or prospective sales at issue in this matter) shall not be construed as, and does not constitute a waiver of any other rights, claims, causes of action, remedies, or defenses, nor shall be interpreted as an admission of

3

any fact, allegation, claim, or legal conclusion asserted by Defendants in any pleading, motion, correspondence, or other document or communication;

THEREFORE, for the reasons and on the terms set forth above, Plaintiff and Defendants hereby stipulate and agree as follows:

(1)    Bizzell agrees that it will not pursue its claims for consequential, incidental, reputational, or cover damages, as specified in the Amended Complaint ¶¶ 122-23, 132-133, 140, 145, 150.  Further, to the extent the aforementioned paragraphs include a request for "any other measure of damage under applicable law," that clause shall be interpreted to explicitly exclude consequential, incidental, reputational, and cover damages. This stipulation relates only to the remedies identified in paragraphs 122-23, 132-133, 140, 145, 150 of the Amended Complaint. Bizzell reserves its right to pursue all other claims and remedies.  Bizzell will only pursue recovery of the $3,902,314 it paid to Tripwire South, plus declaratory relief, punitive damages, and any costs, interest, attorneys' fees, or other relief the Court deems just and proper.

(2)    Count VI of Bizzell's First Amended Complaint is a claim for Recission and Restitution. To the extent Bizzell's requested relief for Count VI continues to include a request for "all remedies necessary to restore Bizzell as nearly as possible to its status quo ante" that requested relief explicitly excludes consequential, incidental, reputational, and cover damages.

4

(3)     Bizzell's First Amended Complaint contains a Prayer for Relief. To the extent Bizzell's Prayer for Relief continues to include a request for "and other relief as the Court deems just and proper," that requested relief explicitly excludes consequential, incidental, reputational, and cover damages.

(4)     In light of Bizzell's confirmation that it is not pursuing the remedies in Amended Complaint ¶¶ 122-23, 132-133, 140, 145, 150, Bizzell's customers and what Bizzell intended to do with the Composition-B and powders subject to this lawsuit, are outside of the scope of discovery in this lawsuit.

(5)     Defendants hereby withdraw and permanently forgo any discovery request(s) or deposition questions (now outstanding or promulgated in the future in case No. 1:25-cv-00680-KMN only) relating to Bizzell's customers, sales contracts with those customers, or prospective sales, and Defendants agree that this information is immaterial to any remaining claim or defense in this action but only to the extent Bizzell does not place its customers, sales contract, or prospective sales at issue in this matter.

(6) To the extent that Bizzell places the issues of consequential, incidental, reputational, and/or cover damages at issue again in this lawsuit or in any other lawsuit, Tripwire South reserves its right to pursue such discovery related to these issues.

5

This So Ordered Joint Stipulation embodies the entire agreement of the parties on this matter.

**SO ORDERED:**

_____
Keli M. Neary
UNITED STATES DISTRICT JUDGE

DATED: _____

Dated: July 29, 2026

Respectfully submitted,

*For Defendants Tripwire South, LLC, Tripwire Aviation LLC, Ryan Morris, Ashley Morris, Joshua Mills, and Skybolt Consulting Group LLC*

*For Plaintiff Bizzell Corporation*

**McNEES WALLACE & NURICK LLC**

**SPILMAN THOMAS & BATTLE, PLLC**

By: */s/ Patrick M. Blair*
    Kandice K. Hull, Esquire
    Attorney ID No. 86345
    Sarah Hyser-Staub, Esquire
    Attorney ID No. 315989
    Amara Riley, Esquire
    Attorney ID No. 320583
    100 Pine Street, P.O. Box 1166
    Harrisburg, PA 17108-1166
    (717) 232-8000
    khull@mcneeslaw.com
    sstaub@mcneeslaw.com
    ariley@mcneeslaw.com

By: */s/ Nicolas Rotsko*
    Julian E. Neiser (PA No. 87306)
    E: jneiser@spilmanlaw.com
    Thomas W. Corbett, Jr. (PA No. 22809)
    (*Admitted Pro Hac Vice*)
    E: tcorbett@spilmanlaw.com
    Jonathan A. Deasy (PA No. 327496)
    E: jdeasy@spilmanlaw.com
    Anthony J.G. Hassey (PA No. 324939)
    E: ahassey@spilmanlaw.com
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15222
    T: (412) 325-3301
    F: (412) 325-3324

**TIMONEY KNOX, LLP**

**FLUET & ASSOCIATES, PLLC**

Patrick M. Blair, Esquire
Attorney ID No.314670
400 Maryland Dr., P.O. Box 7544
Fort Washington, PA 19034
(215) 646-6000
pblair@timoneyknox.com

Nicolas Rotsko (NY No. 4964169)
(*Pro Hac Vice*)
E: nrotsko@fluet.law
Warren Bianchi (DC Bar No. 1016124)
(*Pro Hac Vice*)
E: wbianchi@fluet.law
1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
T: (703) 590-1234
F: (703) 590-0366

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BIZZELL CORPORATION,<br><br>                            Plaintiff,<br><br>            v.<br><br>TRIPWIRE SOUTH, LLC, et al.,<br><br>                            Defendants.<br><br>and<br><br>TRIPWIRE SOUTH, LLC,<br><br>            Third-Party Plaintiff,<br><br>            v.<br><br>MICHAEL HROBUCHAK and<br>MICHAEL KICHMAN,<br><br>            Third-Party Defendants. | CIVIL DIVISION<br><br>No. 1:25-cv-00680-KMN<br><br>Judge Keli M. Neary |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

**Joint Stipulation Regarding Damages and Discovery Issues** was served upon all

counsel of record this 29th day of July, 2026 via the Court's CM/ECF system

Dated: July 29, 2026                              By:*/s/ Nicolas Rotsko*_____

                                                          Nicolas Rotsko (NY No. 4964169)

8