fluet

(703) 590-1234 Tel
(703) 590-0366 Fax

1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
www.fluet.law

**VIA CM/ECF FILING** September 18, 2026

Hon. Keli M. Neary
United States District Court for the Middle District of Pennsylvania

**Re:** ***Bizzell Corporation v. Tripwire South, LLC et al.*, No. 1:25-CV-00680-KMN**
**Request for Resolution of Discovery Matters**

Dear Judge Neary:

Bizzell Corporation purchased $3.9 million of explosives (Comp-B) and accelerant powders from Tripwire South, LLC. Tripwire failed to deliver anything, but refused to return the $3.9 million. It turns out Tripwire had no Comp-B to sell, and after taking Bizzell's payment for the powders, Tripwire sold the powders to another buyer at a higher price, keeping Bizzell's $3.9 million as a windfall. All Defendants were thereby enriched, without providing anything in return.

The Defendants have refused to produce *any* financial documents, withholding them on the basis of a non-existent "business records" privilege. And defense counsel directed *six* witnesses not to answer deposition questions, on the spurious grounds that financial information and assets are "privileged" until a judgment has been entered awarding Bizzell its $3.9 million. Bizzell seeks an Order (1) compelling Defendants to produce discoverable documents; and (2) compelling Defendants to answer questions during live, reconvened depositions. Tripwire has not answered the written questions the Court ordered at our last discovery conference in lieu of reconvened depositions, revealing it to be an inadequate remedy.

**1. Order to Produce Documents**

**Basic Financial Documents and Information.**[1] This issue was raised in Bizzell's May 8, 2026 letter (ECF No. 107), at 2, and May 10, 2026 letter (ECF No. 113), at 2. During the May 20, 2026 conference, the Court directed the parties to attempt to resolve this issue through an additional meet-and-confer, which was not successful. Defendants contend that financial documents are privileged, irrelevant, and discoverable only post-judgment, in aid of execution under F.R.C.P. Rule 69. But Defendants' basic financial information is discoverable under Rule 26. This information is proportionate, material, and relevant to Bizzell's unjust enrichment claims (*i.e.*, who benefited from Bizzell's payment), illuminates Defendants' refusal—or inability—to return Bizzell's payments, and bears on punitive damages.[2] The information is also probative and likely to produce admissible evidence on the affirmative defenses, counterclaims, and third-party

[1] Bizzell seeks bank statements, credit card statements, income statements, ledgers, balance sheets, profit and loss statements, cash flow statements, cash disbursement journals, statements of member equity, and distribution records.

[2] To illustrate, the Defendant Morrises were in bankruptcy when planning their lavish destination wedding in Ireland, yet Tripwire South's bookkeeper testified that after the windfall from Bizzell, the Morrises used business funds to fly at least 40 wedding guests on Aer Lingus from Washington, D.C. to their wedding in Ireland. She further testified that she (like all other wedding guests who were deposed) did not pay for the multi-day stay at the wedding estate.

fluet

(703) 590-1234 Tel
(703) 590-0366 Fax

1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
www.fluet.law

claims in this action, as well as the veracity of witnesses, which all precede judgment. Postponing this discovery only to reopen it under Rule 69 would cause needless delay and expense.

**Defendants' hand-written notes.** Defendants Ryan Morris and Joshua Mills attended the deposition of Third-Party Defendant Michael Kichman in person. During the deposition, they passed a notebook back-and-forth, writing notes to each other. Morris and Mills refused to produce copies of the notebook. The notes are likely to contain admissible evidence, are not subject to attorney-client privilege, and should be produced.

**2. Order to Compel Deposition Testimony**

Defense counsel has directed six witnesses to not answer. This is the second time Bizzell has sought the Court's intervention for the same conduct. Under Rule 30(c)(2) an instruction to not answer is permissible only to: (1) preserve a privilege; (2) enforce a limitation ordered by the Court; or (3) present a motion to terminate or limit a deposition because it is being conducted in bad faith or a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Defense counsels' improper directions not to answer here are not based on Rule 30(c)(2).

Instead, during Tripwire bookkeeper Dana Dickerson's deposition, defense counsel directed her not to answer questions about Tripwire's assets or financial information supposedly because "financial information is generally privileged." Defense counsel instructed Tripwire-owner Ashley Morris and employee William Yingling not to answer questions about finances or assets because such questions purportedly "seek information in aid of execution." Tripwire Aviation owner Michael Dickerson was directed not to answer any questions about transactions involving Tripwire Aviation. None of these are valid reasons not to answer.

**3. Oral Testimony, instead of Written Questions**

The Court previously remedied defense counsels' improper directions not to answer deposition questions by ordering the deponents to answer written questions, rather than reconvene the depositions for live testimony. This has proven inadequate because Tripwire never responded to the written questions. Defendant Mills did respond, but his answers were curt, evasive, and Bizzell was deprived of the opportunity to follow-up. And for several questions, Defendant Mills refused to provide any answer, which is an inappropriate response to deposition questions, unless for a reason under Rule 30(c)(2). There have also been material inconsistencies between many of the defendants written discovery responses, and subsequent deposition testimony. Bizzell therefore requests that the Court order the Defendants to answer questions during live, reconvened depositions.

We are available for a teleconference at the Court's convenience.

Respectfully submitted,

Nicolas Rotsko, Esq.