McNees

September 23, 2026

**VIA ECF**

Honorable Judge Keli M. Neary
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

Re: *Bizzell Corporation v. Tripwire South, LLC, et al., No. 1:25-CV-00680-KMN; Tripwire South, LLC v. Michael Hrobuchak, et al., No. 1:25-CV-00680-KMN*

Dear Judge Neary:

Defendants Tripwire South, LLC, *et al.* ("Tripwire") hereby respond to Plaintiff Bizzell Corporation ("Bizzell")'s September 18, 2026, letter requesting resolution of discovery disputes (Doc. 128) ("Bizzell's Letter"). Bizzell's letter mischaracterizes the record. Bizzell's failure to timely obtain the required ATF Federal Explosives License prevented Tripwire from being able to deliver military-grade explosives, Tripwire procured the explosives through contracts (one of which Bizzell's CEO interfered with) and remains in possession of the Comp-B, and Tripwire sold the powders to mitigate its damages. Tripwire's total damages, which include procurement costs and storage, exceed the amounts Bizzell paid.

Bizzell ignores the good faith efforts Tripwire has undertaken and the legal deficiencies in Bizzell's requests, as set forth below. Tripwire respectfully requests that its objections be sustained.

**1. Financial Documents and Deposition Notes are Irrelevant, Overbroad, and Privileged**

Bizzell seeks sweeping production of "bank statements, credit card statements, income statements, ledgers, balance sheets, profit and loss statements, cash flow statements, cash disbursement journals, statements of member equity, and distribution records." *See* Bizzell's Letter (Doc. 128) at 1 n.1. A wholesale financial investigation into every Defendant's private financial affairs is not proportional to Bizzell's needs in this case, which is simply a breach of contract action. Pertinently, by stipulation and Order of this Court (Doc. 122), Bizzell is limited to pursuing the return of its payment for the explosives and punitive damages, which require Bizzell to first establish underlying liability and evidence of fraud. Bizzell's own Amended Complaint acknowledges that this financial information is being sought for purposes of execution and piercing the corporate veil, when there has been no evidence of fraud. (Doc. 57, ¶¶ 15-16). Tripwire does not assert a "business records" privilege. It has consistently objected to these requests as overbroad, unduly burdensome, and seeking confidential and irrelevant information. Tripwire has repeatedly expressed willingness to confer on narrowing the scope of these requests, which Bizzell has rejected. Bizzell's sweeping demand for financial records amounts to a fishing expedition untethered to the claims and damages theories, before any threshold finding of liability, and is disproportionate to the needs of this case under Rule 26(b)(1).

Regarding the handwritten notes exchanged between Defendants Ryan Morris ("Mr. Morris") and Joshua Mills ("Mr. Mills") during the deposition of Michael Kichman on August 11, 2026, both Mr. Morris and Mr. Mills timely served objections and responses asserting that, to the extent these notes exist, they are protected by the attorney-client privilege and the joint defense privilege. The notes were created and exchanged between co-Defendants and their counsel for the purpose of obtaining or providing legal assistance during that deposition and are privileged, as well as protected work product. *See* Fed. R. Civ. P. 26(b)(3).

**2. Deposition Testimony Instructions Were Proper**

Bizzell's characterization of counsel's deposition instructions to witnesses as "improper" and "spurious" is unfounded. *See* Bizzell's Letter at 1-2. Counsel instructed witnesses not to answer certain questions to preserve legitimate objections regarding the irrelevant and overbroad questions directed at Defendants' personal and business finances—the same discovery that Defendants have properly objected to in their written responses. Bizzell cannot circumvent Defendants' standing written objections by re-asking the same questions during a deposition and then characterizing the objections as improper.

**3. Written Questions Remain Appropriate**

Bizzell's claim that "Tripwire never responded to the written questions" is inaccurate. *See* Bizzell's Letter at 2. Mr. Mills and Tripwire served written responses to the Court-ordered interrogatories on September 13, 2026, and September 20, 2026, respectively. (Copies of those written responses are attached hereto for reference). Bizzell's dissatisfaction with the written responses does not mean that Tripwire failed to respond or that the Court's chosen remedy is "inadequate." Further, Bizzell's vague reference to "material inconsistencies between many of the defendants' written discovery responses and subsequent deposition testimony" is unsupported by any specific citation. *See* Bizzell's Letter at 2. If Bizzell perceived any inconsistencies, the time to examine witnesses relative thereto was during the depositions, not after the fact through a request to reconvene them. Reconvening depositions would impose significant burden and expense on all parties and should not be ordered absent a concrete and specific showing of inadequacy, which Bizzell has not made.

Defendants respectfully request that the Court reject Bizzell's request for relief. Defendants have engaged in good faith throughout discovery, produced voluminous documents, and responded to Court-ordered interrogatories. Bizzell's letter seeks to compel production of irrelevant and overbroad financial information, override legitimate privilege assertions, and undo the Court's own procedural remedy—all without justification.

Tripwire looks forward to discussing these matters with the Court.

Sincerely,
/s *Sarah Hyser-Staub*
Sarah A. Hyser-Staub
Direct Dial/Fax: 717-237-5473
Sarah.Hyser-Staub@mcneeslaw.com

CC: All counsel are copied by service through this Court's ECF system.