**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BIZZELL CORPORATION,**<br>**Plaintiff**<br><br>**v.**<br><br>**TRIPWIRE SOUTH, LLC *et al.*,**<br>**Defendants**<br><br>**TRIPWIRE SOUTH, LLC,**<br>**Third-Party Plaintiff,**<br>**v.**<br><br>**MICHAEL HROBUCHAK *et al.*,**<br>**Third-Party Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br>**NO: 1:25-cv-00680-KMN** |

**DEFENDANT JOSHUA MILLS' RESPONSES TO PLAINTFF'S WRITTEN INTERROGATORIES PURSUANT TO THE**
**<u>COURT ORDER OF MAY 20, 2016</u>**

Defendants Tripwire South, LLC *et al*. ("Defendants") object and respond to Plaintiff's Written Interrogatories to Joshus Mills Pursuant to the Court Order of May 20, 2016 as follows:

## <u>GENERAL OBJECTIONS</u>

1. Defendants object to any request to the extent that it seeks an admission relating to any matter outside the scope of Rules 26 and 36 of the Federal Rules of Civil Procedure.

2. Defendants object to any request to the extent that it does not relate to statements or opinions of fact or the application of law to fact.

3. Defendants object to any request to the extent it is compound.

4. Defendants object to any request to the extent it is vague or ambiguous.

5. Defendants object to any request to the extent it seeks information protected from disclosure under Rules 26 and 36 of the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** Identify all persons, excluding counsel in this matter, who are answering and/or supplying information used in answering these interrogatories.

**ANSWER:** Joshua Mills

**INTERROGATORY NO. 2:** State how You first learned about the entity Odins Spear.

**ANSWER:** Joshia Mills first learned of Odins Spear when the limited liability company was formed in late 2022 through early 2023.

**INTERROGATORY NO. 3:** State the names of the individuals and/or entities involved in the creation of Odins Spear.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, Joshua Mills and Incnow.

**INTERROGATORY NO. 4:** State the role(s) that Odins Spear plays as a partial owner of Tripwire South, if any.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally,

Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, Odins Spear's role is limited to an owner of Tripwire South, LLC but it has the ability to provide technical expertise to Tripwire South, LLC if necessary.

**INTERROGATORY NO. 5:** State Odins Spear's percentage of ownership interest in Tripwire South, past and present.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, 10%.

**INTERROGATORY NO. 6:** State all entities in which Odins Spear has any ownership interest.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, none.

**INTERROGATORY NO. 7:** State with specificity the reason(s) why Odins Spear was formed.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, Odins Spear was formed to be an owner of Tripwire

South, LLC, provide technical expertise to Tripwire South, LLC if necessary, and as an opportunity to pursue independent consulting work.

**INTERROGATORY NO. 8**: State the nature of Odins Spear's business operations.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, Odins Spear is an owner of Tripwire South, LLC and has the ability to provide technical expertise to Tripwire South, LLC if necessary.

**INTERROGATORY NO. 9**: State Odins Spear's revenue and net income, if any, in 2024 and 2025.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that Odin Spear's financial information has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 10**: State whether there have been any distributions, transfers of funds, financing, or any other financial transaction or transfer between Odins Spear and Tripwire South, Ryan Morris, Ashley Morris, and/or You. If yes,

provide information sufficient to show the dates, dollar amounts, and reasons for such transactions.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that Odin Spear's financial information has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 11**: Identify each U.S. Government contract on which Odins Spear has bid and/or which Odins Spear has secured since Odins Spear's establishment in December 2022, if any, including but not limited to the nature of the good(s) and/or service(s) provided by Odins Spear under each such U.S. Government contract and the involvement of Tripwire South, Tripwire Aviation, and/or Skybolt, if any, with such U.S. Government contracts.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Finally, Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Subject to and without waiver of the foregoing objections, none.

**INTERROGATORY NO. 12**: Identify the date on which Odins Spear became an owner of Tripwire South, state the reason(s) why Odins Spear obtained such ownership interest, and identify the person or entity that presented the opportunity to Odins Spear.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, Odins Spear was formed between December 2022 and February 2023 and was formed to make Odins Spear an owner of Tripwire South, LLC with the ability to provide technical expertise to Tripwire South, LLC if necessary. The opportunity for ownership of Tripwire South LLC was presented by the member managers of Tripwire South, LLC at the time the opportunity was presented.

**INTERROGATORY NO. 13**: Identify the location(s)—physical and/or electronic—where Odins Spear maintains its corporate governance documents, including but not limited to any operating agreement, membership agreement, or bylaws currently or formerly in effect with respect to Odins Spear.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, Odins Spear's corporate documents are electronically available to Joshua Mills.

**INTERROGATORY NO. 14:** State whether You have received distributions, dividends, income, or any other compensation from Odins Spear. If yes, provide information sufficient to show such compensation, including but not limited to the dates, amounts, and methods of such compensation.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that Odin Spear's financial information has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 15**: Identify all current and/or former owners and/or members of Odins Spear other than You, if any.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, none.

**INTERROGATORY NO. 16**: Identify all persons other than current and/or former owner(s) of Odins Spear who regularly discuss(ed) the business of Odins Spear with the owner(s) of Odins Spear.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, none.

**INTERROGATORY NO. 17**: Identify Odins Spear's members, directors, officers, employees, and/or agents, if any.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, Joshua Mills is the sole member of Odins Spear.

**INTERROGATORY NO. 18:** Explain whether Odins Spear has a business headquarters and/or office(s) and identify the location of such business headquarters and/or office(s), if any.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited

written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, the principal place of business of Odins Spear is 11 Tree Top Trial, Fairfield, PA 17320. Odins Spear also possesses a registered agent in Delaware.

**INTERROGATORY NO. 19:** Identify—by name, purpose, and address—the physical facilities that Odins Spear owns, operates, leases, or otherwise has access to in connection with its business operations.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, none.

**INTERROGATORY NO. 20**: List the dates of and attendees at any Odins Spear member meetings since December 2022.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

**INTERROGATORY NO. 21**: State whether Defendant Tripwire South has ever been a subcontractor to Odins Spear and/or Skybolt and whether Tripwire South has ever entered into any partnership, joint venture, or teaming agreement with either Odins Spear or Skybolt.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order. Subject to and without waiver of the foregoing objections, never.

**INTERROGATORY NO. 22**: State whether You have sources of income other than the salary you receive from Tripwire South and identify each such source of income.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that Joshua Mills financial information has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 23**: State whether You have personally made investments into either Odins Spear, Tripwire South, Tripwire Aviation, and/or Skybolt.

**ANSWER:** Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that whether Joshua Mills ever invested in Odins Spear, Tripwire South, Tripwire Aviation, and/or Skybolt has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result. Subject to and without waiver of the foregoing objections, Joshua Mills has never made any such investments.

**INTERROGATORY NO. 24**: State the names of the individuals and entities with whom/which You have entered into the Non-Disclosure Agreements (NDAs) that You alleged during your deposition on April 29, 2024, prevented You from answering certain questions. Your answer shall State also the date(s) on which You entered into the same.

**ANSWER**: There is a non-disclosure agreement between Joshua Mills and Tripwire South, LLC which was executed around June of 2022. There are non-disclosure agreements between Odins Spear and Tripwire South, LLC and Odins Spear and Joshua Mills which were both executed around February of 2023.

**INTERROGATORY NO. 25:** Identify all Small Business Administration ("SBA") socioeconomic programs, including but not limited to Service-Disabled Veteran-Owned Small Business ("SDVOSB") and Woman-Owned Small Business ("WOSB"), in which Odins Spear participates or for which Odins Spear purports to qualify, if any, and identify the qualifying person(s) at Odins Spear for each such SBA program.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants

further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

**INTERROGATORY NO. 24**: Please list all gifts that you have received from Ryan Morris, including but not limited to gifts of cash. Your answer shall state the approximate or actual date(s) on which You received the gifts.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted under this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action and has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

[Signatures to Follow on Next Page.]

Respectfully submitted,

**BLAIR LEGAL INC.**

Date: 09/10/2026

By: */s/ Patrick Blair*
Patrick M. Blair, Esquire
Attorney ID No.314670
575 Pinetown Road, P.O. Box 1281
Fort Washington, PA 19034
(215) 646-6000
pblair@blairlegalgroup.com

**McNEES WALLACE & NURICK LLC**
Kandice K. Hull, Esquire
Attorney ID No. 86345
Sarah Hyser-Staub, Esquire
Attorney ID No. 315989
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
khull@mcneeslaw.com
sstaub@mcneeslaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Patrick M. Blair, hereby certify that true and correct copies of Defendant Joshua Mills' Answers to Plaintiff's Written Interrogatories Pursuant to the Court Order of May 20, 2016 were served upon all counsel of record.

**BLAIR LEGAL INC.**

By: *__/s/ Patrick M. Blair__*
Patrick M. Blair, Esquire
*Attorney for Defendants, Tripwire South, LLC, Tripwire Aviation, LLC, Ryan Morris, Ashley Morris, Joshua Mills, and Skybolt Consulting Group, LLC*

Dated: September 13, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BIZZELL CORPORATION,**<br>**Plaintiff**<br><br>**v.**<br><br>**TRIPWIRE SOUTH, LLC *et al.*,**<br>**Defendants**<br><br>**TRIPWIRE SOUTH, LLC,**<br>**Third-Party Plaintiff,**<br>**v.**<br><br>**MICHAEL HROBUCHAK *et al.*,**<br>**Third-Party Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br>**NO: 1:25-cv-00680-KMN** |

**DEFENDANT TRIPWIRE SOUTH, LLC'S RESPONSES TO PLAINTIFF'S WRITTEN INTERROGATORIES PURSUANT TO THE <u>COURT ORDER OF MAY 20, 2016</u>**

Defendants Tripwire South, LLC *et al*. ("Defendants") object and respond to Plaintiff's Written Interrogatories to Tripwire South, LLC pursuant to the Court Order of May 20, 2016 as follows:

**<u>GENERAL OBJECTIONS</u>**

1. Defendants object to any request to the extent that it seeks an admission relating to any matter outside the scope of Rules 26 and 36 of the Federal Rules of Civil Procedure.

2. Defendants object to any request to the extent that it does not relate to statements or opinions of fact or the application of law to fact.

3. Defendants object to any request to the extent it is compound.

4. Defendants object to any request to the extent it is vague or ambiguous.

5. Defendants object to any request to the extent it seeks information protected from disclosure under Rules 26 and 36 of the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1: Provide information sufficient to explain what Odins Spear Consulting LLC ("Odins Spear") and Defendant Skybolt Consulting Group LLC ("Skybolt") are and do, including but not limited to the reason for their creation, the good(s) and/or service(s) they provide and to whom, their role in the day-to-day operations and/or management of Defendant Tripwire South, and their role in securing contracts with the U.S. Government.**

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it seeks information about an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order. Defendants object to this Interrogatory as Odins Spear Consulting LLC and Skybolt Consulting Group, LLC are separate corporate entities, distinct from Tripwire South, LLC, and this question is more properly directed to those entities.

Subject to and without waiver of the foregoing objections, Odins Spear Consulting LLC and Skybolt Consulting Group LLC are the owners of Tripwire South, LLC. The reason for their creation was to create corporate ownership of Tripwire South, LLC. Odins Spear Consulting LLC and Skybolt Consulting Group LLC were also created to pursue independent consulting work if the opportunity arose. Odins Spear Consulting LLC and Skybolt Consulting Group LLC do not currently provide any goods or services. Odins Spear Consulting LLC and Skybolt Consulting Group LLC do not have any role in the day-to-day operation and/or management of Defendant Tripwire South, LLC. Odins Spear Consulting Group LLC and Skybolt Consulting Group LLC do not have any current role in securing contracts with the U.S. Government.

**INTERROGATORY NO. 2**: Provide information sufficient to explain when and why Odins Spear and Defendant Skybolt acquired ownership interests in Defendant Tripwire South. Your answer shall also state whether Odins Spear and/or Skybolt paid any money or provided anything of value in exchange for their ownership interests.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Subject to and without waiver of the foregoing objections, Odins Spear and Skybolt were formed in late 2022 through early 2023. There was no money or value exchanged when the corporate ownership of Tripwire South, LLC was created.

**INTERROGATORY NO. 3: Provide information sufficient to show any and all distributions, dividends, loans, gifts, remunerations, transfers of funds, and/or in-kind payments made or received by Defendant Tripwire South in connection with Defendant Skybolt and/or Odins Spear between January 1, 2024, and the present, including the dates, amounts, and methods of transfer (i.e., cash, check, wire, cryptocurrency, etc.) applicable to each.**

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed to an entity that is not a party to this case. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final

disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates that neither Odin Spear or Skybolt's financial information has any bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 4**: Identify the person(s) and/or entity(ies) in possession or control of Odins Spear's and Skybolt's corporate records, including but not limited to articles of incorporation, operating agreements, shareholders' and/or directors' meeting minutes, books and bank accounts, dividend declarations, and tax filings.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this Interrogatory as it is more properly directed other corporate entities. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates this Interrogatory has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**Subject to and without waiver of the foregoing objections, any corporate or financial records pertaining to Odin's Spear and Skybolt would be in the possession of those respective companies.**

**INTERROGATORY NO. 5**: Identify all transactions involving the purchase, transportation, and/or storage of Composition-B or powders by Defendant Tripwire South on Bizzell's behalf in 2024 and 2025, including the price, date, quantity (in pounds), and parties to each transaction. If Tripwire South sold any of the

Composition-B or powders procured on behalf of Bizzell to another buyer, identify the price, date, quantity (in pounds), and parties involved in such sale(s).

> **ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.
>
> **Subject to and without waiver of the foregoing objections, all documentation related to the purchase of Comp-B from J Squad International, LLC has been provided in this action. Similarly, the purchase of Comp-B by Destinus, after Bizzell refused the Comp-B which Tripwire South offered to resolve this matter, has also been provided in discovery. There is no known or additional documentation related to the sale of Comp-B at issue in this case.**

**INTERROGATORY NO. 6**: Explain the role Shooters World played in Defendant Tripwire South's November 5, 2024, transaction with STV Group.

> **ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Subject to and without waiver of the foregoing objection, **Shooters World was the broker for the purchase of artillery powder by STV Group.**

**INTERROGATORY NO. 7**: Describe any and all Tripwire South business operations in 2024 or 2025 involving Defendant Tripwire Aviation, including but not limited to any financing arrangement, shared assets, use of helicopters owned by either Tripwire Aviation, Tripwire South, or affiliated entities (i.e., Tactical Turtle, LLC), purchases of equipment, or any other partnership, collaboration, or cooperation between Tripwire South and Tripwire Aviation.

> **ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

**Subject to and without waiver of the foregoing objections, Tripwire South LLC had one business transaction with Tripwire Aviation in 2024 and 2025 which consisted of Tripwire South, LLC offering a helicopter ride with Tripwire Aviation, LLC as an item to be bid on at an auction. Further, to the extent attending trade shows constitutes a business operation, Tripwire South, LLC and Tripwire Aviation, LLC have attended trade shows together.**

**INTERROGATORY NO. 8**: Provide an itemized summary of all costs or expenses for which Tripwire South seeks damages in this litigation, including but not limited to (a) a description of the cost or expense; (b) the amount claimed; (c) the date or date range on which the expense was incurred or accrued; (d) the identity of the person or entity to whom payment was made or is owed; (e) the method of payment, if any payment has been made; (f) the document(s) that reflect, evidence, or support the expense, identified by Bates number or other designation; and (g) the name and contact information of the person most knowledgeable about such expense.

**ANSWER: Objection.** Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order. Defendants further object to this Interrogatory as it prematurely seeks expert witness discovery in contravention of the controlling case management deadlines. Subject to and without waiver of the foregoing objections, Tripwire South, LLC seeks full payment for the contract for Comp-B between Tripwire South, LLC and Bizzell as well as damages against Michael Hrobuchak for tortiously interfering in the contract between Tripwire South, LLC and J Squad International, LLC.

**INTERROGATORY NO. 9: On Page 98, Lines 9-19, of Tripwire South's Rule 30(b)(6) deposition transcript, The Tripwire South Corporate Designee indicated (Transcript, at 98:9-19) that there were "other parties," involved in a loan between Tripwire South and Tripwire Aviation. Explain who these "other parties" were and the nature of their involvement in the loan.**

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based

on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

**Subject to and without waiver of the foregoing objection Skybolt, as corporate owner of Tripwire South, LLC, authorized the installment loan to Tripwire Aviation, LLC to pay for Michael Dickerson's salary and any costs associated with pursuing business opportunities for Tripwire Aviation, LLC.**

**INTERROGATORY NO. 10:** Describe in detail the circumstances of the loan Tripwire South provided to Tripwire Aviation. Your answer shall include, but not be limited to, (a) the amount of the loan provided; (b) the materials that Tripwire Aviation produced using the loan (Transcript, at 98:9-10); and (c) repayments of this loan that Tripwire has received from Tripwire Aviation.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

**Subject to and without waiver of the foregoing objections, Tripwire South, LLC and Tripwire Aviation, LLC contemplated a 1.5-million-dollar loan prior to the formation of Tripwire Aviation, LLC. Following the institution of this civil action, and Tripwire Aviation LLC's resulting inability to enter into any contracts, the loan agreement was modified. Tripwire South, LLC now periodically loans Tripwire Aviation, LLC money to cover the salary of Michael Dickerson and any costs incurred by Michael Dickerson in pursuit of contracts for Tripwire Aviation, LLC. To date, Tripwire Aviation, LLC has been unable to repay any portion of this loan as a result of this civil action.**

**INTERROGATORY NO. 11**: Provide information sufficient to show any and all loans received by Tripwire South since January 1, 2024. Your answer shall specify

(a) the individual or entity providing the loan; (b) the amount of the loan; (c) the terms of repayment; and (d) the reason that Tripwire South applied for the loan.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates whether or not Tripwire South received any loans has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 12**: Explain whether Defendant Tripwire South, as of June 27, 2024, had the ability—both legal and physical—to repackage and deliver to Bizzell the Comp-B for which Bizzell had paid pursuant to Invoice No. 1629.

**ANSWER:** Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order. Subject to and without wavier of the foregoing objection, Tripwire South, LLC could not legally deliver Comp-B to Bizzell unless and until it received an ATF license.

**INTERROGATORY NO. 13**: Explain whether Tripwire South has ever issued a full or partial refund to any customer. Your answer shall (a) include the circumstances concerning why the refund was issued and (b) state whether any requests for refunds have been denied, and if so, the reasons for the denial.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to

litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

**INTERROGATORY NO. 14**: State (in pounds) the amount of Comp-B received from Bonetti Explosives ("Bonetti") that Tripwire South had in its possession, custody, or control, as of May 4, 2024.

**ANSWER:** Objection. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Subject to and without waiver of the foregoing objection, Tripwire South, LLC did not have any contract with Bonetti Explosives for Comp-B as of May 4, 2024.

**INTERROGATORY NO. 15**: State (in pounds) the amount of Comp-B received from Bonetti or any other source that Tripwire South had in its possession, custody, or control, as of June 7, 2024.

**ANSWER:** Objection. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Subject to and without waiver of the foregoing objection, Tripwire South, LLC did not have any contract with Bonetti Explosives for Comp-B as of June 7, 2024.

**INTERROGATORY NO. 16**: State (in pounds) the amount of Comp-B received from Bonetti or any other source that Tripwire South had in its possession, custody, or control, as of July 9, 2024.

**ANSWER:** Objection. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Subject to and without waiver of the foregoing objection, Tripwire South, LLC did not have any contract with Bonetti Explosives for Comp-B as of July 9, 2024.

**INTERROGATORY NO. 17**: As it relates to the Comp-B that Tripwire obtained from Bonetti in 2025 (Transcript, at 104:16-18) state (a) the entities and/or foreign governments that Tripwire sold the Comp-B to and the amount of Comp-B sold; and (b) the amount of Comp-B still held by Tripwire.

**ANSWER: Objection. Tripwire South, LLC objects to this Interrogatory as repetitive and unduly burdensome. Subject to and without waiver of the foregoing objection, documentation of the sale of Comp-B to Destinus has already been provided in this litigation.**

**INTERROGATORY NO. 18**: State whether Tripwire, or any employees of Tripwire, used Tripwire funds to purchase a Rolex watch, or other luxury brand watch, for Joshua Mills, or any other person.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates this Interrogatory has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 19**: Explain whether Tripwire would have secured the 24-hour-a-day security (Transcript, at 122:20-25) were it not for the M6 powder and Black powder obtained for sale to Bizzell.

**ANSWER: Objection. Defendants object to this Interrogatory as it calls for speculation. Subject to and without waiver of the foregoing objection, Tripwire South, LLC incurred 24-hour-a-day security costs for the M6 powder it procured for Bizzell due to Bizzell's failure to timely obtain a proper ATF license to receive the M6 powder it ordered.**

**INTERROGATORY NO. 20**: For the years of 2023, 2024, and 2025, State whether Tripwire South has donated any money to any 501(c)(3) nonprofit organization, including but not limited to Asymmetric Operations Group. If yes, your answer shall specify the date of the donation, the amount of the donation, and the recipient of the donation.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

Finally, Defendants object to this Interrogatory as it represents an impermissible attempt to seek discovery in aid of execution prior to a final disposition of the claims, defenses, and counterclaims in this action. Further, the evidentiary record developed to date demonstrates this Interrogatory has no bearing on whether Bizzell or Tripwire South materially breached the contractual obligations among the parties and whether there are any damages suffered as a result.

**INTERROGATORY NO. 21**: Please identify the source of the photographs of Comp-B contained in Exhibit 057 of the Amended Complaint (Dkt. 057), copies of which are reproduced below. Your answer shall include, but not be limited to, the name of the individual that took the photograph, the location where the photograph was taken, and what is depicted in the photographs.

**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks irrelevant information, is overbroad, and is unduly burdensome. Defendants further object to this Interrogatory as there is no showing based

on the Amended Complaint that Plaintiff must possess this information to litigate its claims. Defendants object to this request as it exceeds the limited written interrogatories permitted pursuant to this Court's May 20, 2025 Order.

**Subject to and without waiver of the foregoing objections, Jonathan Tatman, who had a personal and preexisting relationship with Acuity provided the photographs of the Comp-B to Tripwire South, LLC as well as information regarding the shipment and/or availability of Comp B.**

Respectfully submitted,

**BLAIR LEGAL INC.**

Date: 09/20/2026

By: *<u>/s/ Patrick Blair</u>*

Patrick M. Blair, Esquire
Attorney ID No.314670
575 Pinetown Road, P.O. Box 1281
Fort Washington, PA 19034
(215) 646-6000
pblair@blairlegalgroup.com

**McNEES WALLACE & NURICK LLC**
Kandice K. Hull, Esquire
Attorney ID No. 86345
Sarah Hyser-Staub, Esquire
Attorney ID No. 315989
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
khull@mcneeslaw.com
sstaub@mcneeslaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Patrick M. Blair, hereby certify that true and correct copies of Defendant Tripwire South, LLC's Answers to Plaintiff's Written Interrogatories Pursuant to the Court Order of May 20, 2016 were served upon all counsel of record.

**BLAIR LEGAL INC.**

By: *_/s/ Patrick M. Blair_*
Patrick M. Blair, Esquire
*Attorney for Defendants, Tripwire South, LLC, Tripwire Aviation, LLC, Ryan Morris, Ashley Morris, Joshua Mills, and Skybolt Consulting Group, LLC*

Dated: September 20, 2026